UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL B.[1],

                                                               Plaintiff,              Case # 15-CV-566-FPG

v.                                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

**INTRODUCTION**

Plaintiff Michael B. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. On January 29, 2018, the Court reversed the SSA's decision and remanded this case for further administrative proceedings. ECF No. 17. Thereafter, the Court awarded Plaintiff's attorney, Timothy Hiller, Esq., $6,900.05 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 20.

On August 30, 2020, the SSA issued a Notice of Award granting Plaintiff $79,210.00 in past due disability benefits and withholding $19,802.50—25 percent—to pay his attorney. ECF No. 23-4. On September 16, 2020, Hiller moved for $19,802.50 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 23.

For the reasons that follow, Hiller's motion is GRANTED and Hiller is awarded $19,802.50 in fees.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only the first name and last initial.

1

## DISCUSSION

**I.      § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $79,210.00 in past due benefits and therefore counsel's request for $19,802.50 in fees—25 percent of the award—does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff filed a motion for judgment on the

pleadings with non-boilerplate arguments and obtained remand, which ultimately led to a favorable decision awarding Plaintiff benefits.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings so as to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Here, Hiller spent 35.7 hours in connection with the appeal to this Court.  ECF Nos. 23-1 at 6; 23-2 at 3.  Dividing the $19,802.50 fee requested by 35.7 hours yields an hourly rate of $554.69.

Courts in this district have approved significantly higher rates as reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf.  *See, e.g.*, *Briem v. Barnhart*, No. 05 Civ. 6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) (approving $1,300.00);  *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (approving $1,051.64); *Sims v. Comm'r of Soc. Sec.*, No. 17-CV-798-FPG, 2020 WL 812923, at *2 (W.D.N.Y. Feb. 19, 2020) (approving $980.87); *see also Campana v. Saul*, No. 16-CV-960, 2020 WL 3957960, at *2 (W.D.N.Y. July 13, 2020) (describing requested hourly fee of $1,000 as "very high by Western New York standards" but approving that rate in part because "the incentive necessary for counsel to take contingency-fee cases weigh[ed] in favor of approving the fee").  The Court concludes that a fee of $19,802.50 is reasonable and awards Hiller the same.

## CONCLUSION

Accordingly, Hiller's motion for attorney's fees under § 406(b) (ECF No. 23) is GRANTED and Hiller is awarded $19,802.50 in fees.  The Court directs the Commissioner to

release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, he must remit the $6,900.05 EAJA fee, which he has indicated he intends to do.

 IT IS SO ORDERED.

Dated: March 11, 2021
  Rochester, New York

          _____
          HON. FRANK P. GERACI, JR.
          Chief Judge
          United States District Court